# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JEREMY LEGG,<br>    Petitioner, | Civil Action No. 1:06-cv-715 |
| vs. | Spiegel, J.<br>Black, M.J. |
| WARDEN, PICKAWAY CORRECTION INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The case is now before the Court upon the petition (Doc. 1), respondent's return of writ and exhibits thereto (Doc. 4), and petitioner's traverse. (Doc. 7).

## I. PROCEDURAL HISTORY[1]

### State Action – Trial

On May 14, 2004, a Hamilton County Grand Jury indicted Legg on two counts of trafficking in marihuana as defined in Ohio Rev. Code § 2925.03(A), one count of possession of marihuana as defined in Ohio Rev. Code § 2925.11(A), and one count of conspiracy as defined in Ohio Rev. Code § 2923.01(A)(2). (Doc. 4, Exhibit 1, Indictment, Case No. B0404499). Initially, Legg entered a plea of not guilty and waived his right to be present at an arraignment. (Doc. 4, Exhibit 2).  After entering into a plea agreement, Legg pled guilty to one count of trafficking in marihuana and one count of possession of marihuana.  In a judgment entry dated September 14, 2004, Legg was sentenced to confinement of five years for each count to be served concurrently. Pursuant to his plea agreement, Legg is not eligible for an "intensive prison

---

[1] Petitioner agrees with respondent's presentation of the procedural history in this action. (Doc. 7 at 2). Accordingly, the Court adopts the procedural history presented in the return of writ. (Doc. 4 at 2-4).

program, transitional control, judicial release or any other early release program." He is to serve his sentence in its entirety. (Doc. 4, Exhibit 3). The remaining counts in the indictment were subsequently dismissed. (Doc. 4, Exhibit 4).

## Motion for Delayed Appeal in the First District Court of Appeals

On December 28, 2005, Legg, proceeding *pro se*, moved the First District Court of Appeals, Hamilton County, Ohio, for leave to file a delayed appeal. In his motion, Legg argued that he was not notified by the trial court nor advised by his trial attorney of his right to appeal. (Doc. 4, Exhibit 8, Motion, Case No. C050994). Legg simultaneously filed a motion for appointment of appellate counsel. (Doc. 4, Exhibit 9). The State opposed Legg's motion for delayed appeal. (Doc. 4, Exhibit 10). On January 19, 2006, the court denied Legg's motion for delayed appeal and found his motion for appointment of counsel moot. (Doc. 4, Exhibit 11). Legg subsequently filed a motion for reconsideration (Doc. 4, Exhibit 12) which was denied by the court on February 23, 2006. (Doc. 4, Exhibit 13).

## Motion for Delayed Appeal in the Supreme Court of Ohio

On May 3, 2006, Legg filed a *pro se* motion for delayed appeal in the Supreme Court of Ohio, blaming his trial counsel, the inadequacy of the prison law library, and the incompetence of the library staff and inmate law clerks for the delay. (Doc. 4, Exhibit 14, Motion, Case No. 2006-0876). Legg's motion was summarily denied by the Supreme Court of Ohio on June 21, 2006. (Doc. 4, Exhibit 15).

**Motion for Judicial Release**

On August 25, 2006, Legg moved the trial court to reconsider his ineligibility for early release of any kind and grant him judicial release. (Doc. 4, Exhibit 5). He next moved the court for leave to amend his motion for judicial release. (Doc. 4, Exhibit 6). On September 19, 2006, the court denied both motions finding that the judgment entry of sentencing clearly states that Legg is not eligible for judicial release pursuant to the plea agreement between the parties. (Doc. 4, Exhibit 7).

**Federal Habeas Corpus**

On October 26, 2006, Legg, proceeding *pro se*, filed the instant Petition for Writ of Habeas Corpus setting forth three grounds for relief with supporting facts that are quoted verbatim:

> **GROUND FOR RELIEF NO. 1:** UNITED STATES CONST. AMEND. XIV DISPARAGING SENTENCE VIOLATION OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW.
>
> **Supporting Facts:** A State has disparaging rulings on the same or simular (sic) proposed trial errors from different judicial districts within the State Due Process and Equal Protection of the Law are offended. Senate Bill II was enacted, consistancy (sic) and porportianality (sic) in sentencing. Petitioner was sentenced to the maximum and striped (sic) of his right to rehabilitation.
>
> **GROUND FOR RELIEF NO. 2:** INEFFECTIVE ASSISTANT (sic) OF COUNSEL
>
> **Supporting Facts:** Counsel was ineffective by not informing Petitioner his Appellant rights and by failing to argue the disporportionate (sic) of his sentence failing to provide documents to litigate his case in a timely manner.
>
> **GROUND FOR RELIEF NO. 3:** DENIED ACCESS TO THE COURTS
>
> **Supporting Facts:** Pickaway Correctionl (sic) Inst. does not have trained law clerks to assist inmates the law library staff is incompetent, the (P.C.I.) warden, James (sic) Erwin, is in violation by removing the inmate self help litigation

manuals from the shelves.

(Doc. 2, Petition at 5-6).

Respondent contends the petition is barred by the statute of limitations. In the alternative, respondent argues that Grounds One through Three of the petition are procedurally defaulted and without merit.

For the reasons that follow, the undersigned determines that Grounds One and Two of the petition are untimely and barred by the statute of limitations and, in the alternative, barred as procedurally defaulted and waived. In addition, the undersigned finds that Ground Three of the petition is not cognizable in habeas corpus. Thus, the petition should be dismissed.

**II. GROUNDS ONE AND TWO OF THE PETITION ARE TIME-BARRED.**

Respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, Grounds One and Two of the petition seek habeas corpus relief based on alleged errors that occurred during petitioner's state court trial proceedings. The Court must first determine whether petitioner's claims are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became "final" by the conclusion of direct review or the expiration of time for seeking such review, or in 28 U.S.C. § 2244(d)(1)(A), which began to run when the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although petitioner argued in his motion for delayed appeal before the Ohio Court of Appeals that he was not informed of his right to appeal by either counsel or the trial court, suggesting that discovery of the factual predicate of his habeas claims may have been delayed until after the conclusion of direct review (and thus governed by § 2244(d)(1)(D)), the record in this matter shows petitioner was fully advised of his right to appeal at his sentencing hearing on September 14, 2004. The trial judge stated:

> Finally, I need to advise you that you have a right to appeal. If you are unable to pay the cost of an appeal, you have the right to appeal without payment. If you're unable to obtain counsel for an appeal, counsel will be appointed without cost.
>
> If you're unable to pay the cost of documents necessary for an appeal, the documents will be provided without cost.
>
> You have a right to have a notice of appeal timely filed on your behalf. You must file any appeal within 30 days from today's date.

(Doc. 4, Exhibit 19, Transcript at 21, lines 11-24).

Since petitioner's conviction became "final" at a date later than the date of his sentencing hearing (when he discovered the factual basis of his claims through the exercise of due diligence under section 2244(d)(1)(D)), petitioner's claims are governed by the statute of limitations set forth in section 2244(d)(1)(A).

Under § 2244(d)(1)(A), petitioner's conviction became "final" on October 14, 2004, when the time expired for petitioner to file a notice of appeal in the Ohio Court of Appeals. *See* Ohio R. App. P. 4(A); *see also Lucas v. Carter,* 46 F. Supp.2d 709, 711 (N.D. Ohio 1999). Therefore, the statute of limitations commenced running the following day on October 15, 2004, and expired one year later on October 15, 2005, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id. See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000). *See also Bennett v. Artuz,* 531 U.S. 4, 8-9 (2000). Petitioner filed his motion for delayed appeal[2] in the Ohio Court of Appeals on December 28, 2005, after the statute of limitations had already

---

[2] The Court notes that petitioner's motion for delayed appeal did not cause the limitations period to begin anew. In *Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001), the Sixth Circuit held that delayed appeal motions do not retrigger the statute's running, but rather can only serve to toll the limitations period. More recently, in *DiCenzi v. Rose,* 452 F.3d 465, 469 (6th Cir. 2006), *superseding and amending,* 419 F.3d 493 (6th Cir. 2005)*,* the Sixth Circuit further emphasized that a motion for delayed appeal, *"even if granted*, does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending." (Emphasis added).

6

expired. Therefore, neither his motions for delayed appeal in the Ohio Court of Appeals or the Supreme Court of Ohio, nor his motion for judicial release, tolled the running of the statute of limitations in this case.

The statute of limitations in this matter expired on October 15, 2005. Petitioner's habeas corpus petition was filed in this Court on October 26, 2006, and, accordingly, it was submitted over one year too late.

The statute of limitations may be equitably tolled in limited circumstances. In *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599, following *Schlup v. Delo*, 513 U.S. 298 (1998). The *Souter* Court held that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602.

If petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the Court must examine the five factors outlined in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), *cert. denied*, 122 S.Ct. 649 (2001), to determine whether equitable tolling of the limitations period is appropriate. In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

First, petitioner does not meet his burden of establishing actual innocence under *Souter*. To make the necessary showing, petitioner must support his allegations of constitutional error "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Because petitioner has provided no new exculpatory evidence, *Souter* does not apply to toll the statute of limitations. *See Ross v. Berghuis*, 417 F.3d 552, 555 (6th Cir. 2005).

Second, equitable tolling is not appropriate under the *Dunlap* factors. Petitioner has made no attempt to apply the five *Dunlap* factors to this case. Petitioner has neither argued nor shown that equitable tolling principles should apply to permit review of his time-barred claims for habeas corpus relief. (See Doc. 7)[3]. Moreover, there is no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Although petitioner's state court filings suggest the lack of legal advice or materials may have contributed to the delay in filing, ignorance of the law, even for an incarcerated *pro se* petitioner, "is not sufficient to warrant equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (citing *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991)); *Warren v. Lewis*, 365 F.3d 529, 532 n. 2 (6th Cir. 2004). Neither is a

---

[3] In his traverse brief, petitioner addresses only the procedural default argument raised by respondent, and not the statute of limitations defense. (Doc. 7).

petitioner's unfamiliarity with the legal process nor his lack of education. *See, e.g., Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), Grounds One and Two of the petition are time-barred and should be dismissed.

### III. GROUNDS ONE AND TWO OF THE PETITION ARE PROCEDURALLY DEFAULTED AND WAIVED.

In the alternative, the undersigned finds that Grounds One and Two of the petition are procedurally defaulted and waived.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985). If the petitioner fails to do so, he may have waived the unraised claims for purposes of federal habeas corpus review. *See Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

>The doctrine of procedural default provides:
>
>In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, *e.g.*, to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

Federal courts may not consider "contentions of federal law that are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). If petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). The Sixth Circuit applies a four-part test to determine if a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001), *cert. denied*, 535 U.S. 1031 (2002) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

In determining whether a state court rested its holding on a procedural default so as to bar federal habeas review, "the last state court rendering a judgment in the case must have based its judgment on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991)). Normally, a federal habeas court will find that a petitioner procedurally defaulted if the last state court rendering a decision makes a plain statement to that effect. *Harris,* 489 U.S. at 261. No such statement is necessary, however, if the petitioner failed to present the relevant issues to the state court. *Id.* at 263 n. 9; s*ee also Teague v. Lane*, 489 U.S. 288, 297-298 (1989) (plurality opinion)("The rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). In that event, the federal habeas court may hold the claim procedurally defaulted "if it is clear that the state court would hold the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9.

If, because of a procedural default, a petitioner can no longer present his claims to a state court, he has waived them unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will

11

result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

A "fundamental miscarriage of justice" occurs only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). To be credible, such a claim "requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup,* 513 U.S. at 324.

To obtain habeas review of the merits of a procedurally-defaulted claim under the "actual innocence" exception, the otherwise-barred petitioner "must show it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, "including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* at 327-28.

Ground One of the petition challenges the legality of the trial court's sentencing decision. Ground Two of the petition asserts a claim of ineffective assistance of trial counsel. Even assuming petitioner fairly raised these claims in his motion for delayed appeal to the Ohio Court of Appeals, he committed a procedural default when he failed to file a timely appeal to the Supreme Court of Ohio from the denial of his motion for delayed appeal by the Ohio Court of Appeals and failed to

show sufficient cause for his delayed appeal.[4] The Supreme Court of Ohio's denial of petitioner's motion for delayed appeal constitutes an adequate and independent state ground to preclude federal habeas corpus review. *Bonilla v. Hurley*, 370 F.3d 494, 497(6th Cir.) (per curiam), *cert. denied*, 543 U.S. 989 (2004).

In *Bonilla*, the Sixth Circuit held in an analogous case that the state supreme court's unexplained entry denying a motion for delayed appeal "constitutes a[n adequate and independent state] procedural ruling sufficient to bar federal court review of [the] habeas corpus petition." 370 F.3d at 497. In so holding, the Sixth Circuit reasoned that "the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Bonilla*, 370 F.3d at 497 (and unpublished Sixth Circuit cases cited therein).[5] Since the Supreme Court of Ohio's decision in this case is silent as to its reasons for denying petitioner's requested relief (Doc. 4, Exhibit 15), the Court must assume that the state court would have enforced any applicable procedural bar. *Bonilla*, 370 F.3d at 497 (citing *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996)).

---

[4] While petitioner also committed a procedural default by failing to file a timely appeal to the Ohio Court of Appeals, the Court need not address whether the Court of Appeals' denial of petitioner's motion for delayed appeal constitutes an adequate ground to bar habeas review, *see Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004), because petitioner committed a further procedural default by failing to timely appeal to the Ohio Supreme Court from the Court of Appeals' decision.

[5] The *Bonilla* Court found:

The Ohio Supreme Court Rules require a motion for a delayed appeal to state "the date of entry of the judgment being appealed and adequate reasons for the delay." Ohio Sup.Ct. R. II, Section 2(A)(4)(a). In addition, the motion must be accompanied by a supporting affidavit and a "copy of the decision being appealed." *Id*. A motion for a delayed appeal is not required to contain the actual claims and supporting arguments sought to be presented on appeal. *Id*. Instead, only when "the Supreme Court grants a motion for delayed appeal," is the appellant required to "file a memorandum in support of jurisdiction." Ohio Sup.Ct. R. II, Section 2(A)(4)(c). Thus, the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits.

*Bonilla*, 370 F.3d at 497.

As the Sixth Circuit stated in *Bonilla*, "[w]hen a 'state prisoner has defaulted his federal claims in state court pursuant to [such] an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice . . . or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Id.* (quoting *Coleman*, 501 U.S. at 750).

Petitioner has failed to establish "cause" for his procedural default in the state courts. In his traverse brief and motion for leave to file a delayed appeal in the Supreme Court of Ohio, petitioner presents several arguments supporting "cause" for his procedural default. He contends that his trial attorney was ineffective in failing to notify him of his appeal rights and in failing to file a direct appeal on his behalf. He also argues that inmate law clerks, the law librarian, and institutional staff hampered his efforts to file a timely appeal. None of these arguments establish cause to excuse petitioner's procedural default.

First, petitioner asserts his trial counsel was ineffective in failing to file an appeal on his behalf or notify him of his rights.[6] The ineffective assistance of counsel may constitute cause for a procedural default, so long as such claim has been presented to the state courts, and is not itself procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000) (citing *Murray*, 477 U.S. at 488-89). Here, however, petitioner procedurally defaulted his ineffective assistance of counsel claim because, as explained above, he failed to timely appeal the denial of his motion for

---

[6] Petitioner seems to contend that because the plea agreement provided for an agreed sentence of five years on each count to which petitioner pleaded guilty, counsel should have recognized that petitioner was not receiving the minimum sentence to which he was entitled, informed petitioner of this fact, and filed an appeal on his behalf. (Doc. 7 at 4). To the extent petitioner may be attempting to assert that he was given a non-minimum sentence in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), his claim is without merit because the trial court imposed a sentence based on facts petitioner admitted to in the plea agreement, and not on any judicially ascertained facts in violation of the Sixth Amendment or *Blakely*. *See Chatman v. Wolfe*, 2007 WL 2852341 (S.D. Ohio Oct. 1, 2007) (Barrett, J.); *Suttles v. Wolfe,* 1:06cv55 (S.D. Ohio July 17, 2007) (Spiegel, S.J.; Hogan, M.J.) (Doc. 13, pp. 7, 10; *see also* Doc. 12, pp. 18-20).

14

delayed appeal to the Supreme Court of Ohio. *Bonilla*, 370 F.3d at 497. Therefore, any alleged ineffective assistance of counsel cannot provide cause for petitioner's procedural default.

Second, petitioner's *pro se* status and lack of legal assistance in the prison do not establish cause to excuse his procedural default. In *Bonilla*, the Sixth Circuit held that a petitioner failed to establish cause for his procedural default despite alleging a sudden departure of his attorney, ignorance of legal and procedural requirements, pro se status, and limited access to the prison's law library. 370 F.3d at 498. *See also Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995) (*pro se* status before the Supreme Court of Ohio is insufficient to establish cause to excuse procedural default). Therefore, these arguments are unavailing.

Since both cause and prejudice must be shown to excuse a procedural default, petitioner's failure to establish cause eliminates the need to consider prejudice. *Murray v. Carrier*, 477 U.S. 478, 494-95 (1986).

Nor has petitioner has demonstrated that a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not addressed on the merits by this Court. To meet this standard, found only in "extraordinary" cases, petitioner must demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 126 S.Ct. 2064, 2077 (2006). Petitioner has failed to make such a showing. Petitioner does not challenge his conviction, but rather the sentence imposed as a result of his conviction. Nor does he contend he is actually innocent of the crimes for which he is incarcerated. Therefore, petitioner has waived any constitutional claims associated with Grounds One and Two of the petition for purposes of federal habeas corpus review, and Grounds One and Two of the petition should be dismissed.

**IV. GROUND THREE IS NOT COGNIZABLE IN HABEAS CORPUS.**

Ground Three of the petition asserts that petitioner was denied access to the courts because the prison does not have trained law clerks to assist inmates, the law library staff is incompetent, and inmate self-help litigation manuals have been removed from library shelves. This claim is not cognizable in a habeas corpus proceeding.

A writ of habeas corpus is the sole remedy for prisoners challenging the fact or duration of their physical imprisonment. *Wilkinson v. Dotson,* 544 U.S. 74, 78-79 (2005) (citing *Preiser v. Rodriguez,* 411 U.S. 475 (1973)). Habeas corpus is not, however, available for prisoners challenging the conditions of their confinement. *Nelson v. Campbell,* 541 U.S. 637, 643 (2004). When a prisoner challenges the conditions of his or her confinement but not the fact or length of his custody, the proper mechanism is a civil rights action under 42 U.S.C. § 1983. *Wilkinson,* 544 U.S. at 81-84; *Preiser,* 411 U.S. 475, 499.

In this case, petitioner argues that prison officials denied him access to the Court because of an inadequate law library and deficient legal assistance to inmates. This claim does not challenge the fact or duration of petitioner's confinement, but rather the conditions of his confinement. *See Turnboe v. Gundy,* 27 Fed. Appx. 339, 340, 2001 WL 1178215, \*\*1 (6th Cir. 2001); s*ee also Shahan v. Jeffries*, 2007 WL 1432042, \*6 (S.D. Ohio 2007) (Smith, J.) (claim involving denial of access to prison law library did not challenge fact or duration of confinement and not appropriate for federal habeas corpus review). Therefore, Ground Three of the petition is not cognizable in habeas corpus and should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Grounds One and Two of the petition be DISMISSED with prejudice on the grounds that they are barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), and in the alternative, barred from review as procedurally defaulted and waived.

2. Ground Three of the petition be DISMISSED with prejudice on the ground that it is not cognizable in habeas corpus.

3. A certificate of appealability should not issue with respect to Grounds One and Two of the petition, which the undersigned has concluded are barred by the statute of limitations and, in the alternative, procedurally defaulted and waived, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[7]

4. A certificate of appealability should not issue with respect to the claim alleged in Ground Three of the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on this claim. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

5. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 12/4/2007                                             s/Timothy S. Black
                                                            Timothy S. Black
                                                            United States Magistrate Judge

---

[7] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack*, 529 U.S. at 484.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JEREMY LEGG,  Civil Action No. 1:06-cv-715
    Petitioner,

                                                                    Spiegel, J.
vs.                                                  Black, M.J.

WARDEN, PICKAWAY CORRECTION
INSTITUTION,
    Respondent.

### NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254.  Any party may object to the Magistrate Judge's Report and Recommendation within TEN (10) DAYS of the filing date of this R&R.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)   Any response by an opposing party to the written objections shall be filed within TEN (10) DAYS after the opposing party has been served with the objections.  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).