```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| JEREMY LEGG, | : | NO. 1:06-CV-00715 |
| Petitioner, | : |  |
| vs. | : | **OPINION AND ORDER** |
| WARDEN, PICKAWAY CORRECTIONAL, INSTITUTION, | : |  |
| Respondent. | : |  |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 8). Petitioner filed no objection. For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation and DENIES Petitioner's Petition for Writ of Habeas Corpus.

**I.    Background**

On May 14, 2004, a Hamilton County Grand Jury indicted Petitioner on two counts of trafficking marihuana, one count of possession of marihuana, and one count of conspiracy (doc. 4). Initially, Petitioner pled not guilty and waived his right to be present at an arraignment (Id.). Subsequently, Petitioner entered into a plea agreement and pled guilty to one count of trafficking marihuana and one count of possession of marihuana (Id.). In a judgment entry dated September 14, 2004, the state court sentenced Petitioner to confinement of five years per count to be

concurrently served (Id.). The plea agreement provided that Petitioner is not eligible for an intensive prison program, transitional control, judicial release or any other early release program (Id.). The court dismissed the remaining counts in the indictment (Id.).

On December 28, 2005, Petitioner filed for leave to file a delayed appeal, pro se, before the First District Court of Appeals, Hamilton County, Ohio (doc. 8). Petitioner argued he was not informed by his attorney nor by the trial court of his right to appeal (doc. 4). Petitioner also filed a motion for appointment of appellate counsel, which the state appealed (doc. 8). The Court denied Petitioner's motion for delayed appeal on January 19, 2006, and therefore found his motion for appointment of counsel moot (Id.). Petitioner filed a motion for reconsideration that the court also denied on February 23, 2006 (Id.).

On May 3, 2006, Petitioner filed a pro se motion for delayed appeal in the Supreme Court of Ohio (Id.). Petitioner argued his trial counsel, the inadequacy of the prison law library, and the incompetence of the staff and inmate law clerks were responsible for the delay (Id.). The Supreme Court of Ohio denied Petitioner's motion on June 21, 2006 (Id.).

On August 25, 2006, Petitioner moved the trial court to reconsider his ineligibility for early release of any kind and grant him judicial release, and later moved the court for leave to

amend his motion for judicial release (Id.). On September 19, 2006, the court denied both motions, finding the judgment entry specifically stated Petitioner was ineligible for judicial release per the plea agreement he signed (Id.).

On October 26, 2006, Petitioner, proceeding pro se, filed the instant Petition for Writ of Habeas Corpus (Id.). Petitioner raised three grounds for relief. In his first ground Petitioner asserts a claim of "disparaging sentence violation of due process and equal protection of the law" (Id.). In his second ground, he alleges ineffective assistance of counsel, and in his third ground, denial of access to the courts (doc. 2). Respondent argues the Petition is barred by the statute of limitations (doc. 8). In the alternative, Respondent argues that each ground is procedurally defaulted and is without merit (Id.).

**II. The Magistrate Judge's Report and Recommendation**

After reviewing Petitioner's grounds for relief, the Magistrate Judge found grounds one and two to be lacking in merit (doc. 8). The Magistrate Judge further found that ground three is not cognizable in a habeas corpus proceeding because it challenges the conditions of Petitioner's confinement and not the fact or duration of Petitioner's physical imprisonment (Id.).

Specifically as to grounds one and two, the Magistrate

Judge found such grounds time barred.[1] Grounds one and two of the petition seek habeas corpus relief based on alleged errors that occurred during Petitioner's state court trial proceedings (doc. 2).

The Magistrate Judge found that Petitioner's claims are governed by the statute of limitations as stated in section 2244(d)(1)(A) such that, the one year statute of limitations began to run when: Petitioner's conviction became "final," the time for seeking direct review expired, or when the factual predicate of Petitioner's claim(s) could have been discovered through due diligence (Id.). The Magistrate Judge found Petitioner's conviction became final on October 14, 2004, (Id. citing Ohio R. App. P. 4(A); see also Lucas v. Carter, 46 F.Supp.2d 709, 711 (N.D. Ohio 1999)). Accordingly, the Magistrate Judge opined, the statute

---

[1] A one year statute of limitations exists as set forth in 28 U.S.C. § 2244(d)(1), as amended by section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)(doc. 8). Under 28 U.S.C. § 2244(d)(1), Petitioner's writ of habeas corpus must have been filed within one year from the latest of: (A) the date the judgment became final by conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the filing impediment created by state action is removed, if such action(s) were taken; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (D) the date on which the factual predicate of the claim(s) presented could have been discovered through the exercise of due diligence (doc. 8). Under 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review (Id.).

of limitations expired on October 15, 2005, about ten days prior to Petitioner's filing of his Petition. (Id. citing Fed. R. Civ. P. 6; Bronaugh v. Ohio 235 F.3d 280, 285 (6th Cir. 2000)).

The Magistrate Judge further found no merit in Petitioner's argument that the trial court and trial counsel failed to inform him of his right to appeal (Id.). The Magistrate Judge found that the trial court advised Petitioner of his right of appeal at his sentencing hearing on September 14, 2004, such that secion 2244(a)(1)(D) is inapplicable here (doc. 8). The Magistrate Judge further found that neither Petitioner's motion for delayed appeal nor his motion for judicial release tolled the running of the statute of limitations in this case (Id.).

The Magistrate Judge next considered the potential application of equitable tolling of the statute of limitations, which is permissible under narrow circumstances. (Id. citing Souter v. Jones, 395 F.3d 577, 602 (6th Cir. 2005) (the one year statute of limitations can be tolled upon a showing of credible new evidence, such that, more likely than not, no reasonable juror could find Petitioner guilty beyond a reasonable doubt)). The Magistrate Judge found that Petitioner did not present any new reliable evidence to establish actual innocence as is required under Souter, and as such there is no basis for equitable tolling of the statute of limitations under such a theory. Id. citing Schlup, 513 U.S. at 324.

The Magistrate Judge further examined the factors

5

enumerated in Dunlap v. United States, 250 F.3d 1001 (6th Cir. 2001), cert. denied, 122 S.Ct. 649 (2001) to determine if equitable tolling of the limitations period is appropriate (Id.).[2] In the case at bar, the Magistrate Judge found the Dunlap factors inapplicable to toll the limitations period, because Petitioner did not apply such factors to this case and did not argue or otherwise show that equitable tolling should permit review of his time-barred habeas corpus petition (Id.). The Magistrate Judge further found no evidence indicating Petitioner lacked notice of the filing requirement for federal habeas petitions (doc. 8).

In the alternative, the Magistrate Judge found grounds one and two of the Petition procedurally defaulted and waived (Id.). Ground one of the Petition challenges the legality of the trial court's sentencing decision (Id.). Ground two of the Petition asserts a claim of ineffective assistance of counsel (Id.). The Magistrate Judge found that Petitioner procedurally defaulted on both grounds when he failed to file a timely appeal to the Supreme Court of Ohio from the denial of his motion for delayed appeal by the Ohio Court of Appeals, and subsequently failed to show cause for his delayed appeal (Id.). The denial of

---

[2] The Dunlap factors are as follows: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) the absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. Dunlap, 250 F.3d at 1008.

Petitioner's motion for delayed appeal by the Supreme Court of Ohio constitutes grounds to preclude federal habeas corpus review. Id. citing Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004)(per curiam), cert. denied, 543 U.S. 989 (2004). Under such circumstances, the Magistrate Judge reported, habeas review is barred unless the Petitioner can demonstrate cause for the default and actual prejudice or demonstrate that a fundamental miscarriage of justice will result by the non-consideration of Petitioner's claim(s) (Id.). The Magistrate Judge found that Petitioner failed to establish "cause" for his procedural default in the state courts because Petitioner procedurally defaulted his ineffective assistance of counsel claim, and because his pro se status does not establish cause to excuse his procedural default (Id.).

The Magistrate Judge further found Petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his procedurally-defaulted claims are not addressed on the merits by this Court (doc. 8). The Magistrate Judge found that Petitioner has failed to make the required showing that, in light of new evidence, no reasonable jury could find him guilty beyond a reasonable doubt (Id.). The Magistrate Judge concluded that Petitioner has waived any constitutional claims associated with grounds one and two of the petition for purposes of federal habeas corpus review, and therefore such grounds should be dismissed.

Finally, the Magistrate Judge addressed ground three of the Petition, in which Petitioner argues he was denied access to

the courts because the prison does not have trained law clerks to assist inmates, the law library staff is incompetent, and inmate self-help litigation manuals have been removed from library shelves (Id.). The Magistrate Judge found ground three should be dismissed because Petitioner's claim is not cognizable in a habeas corpus proceeding (Id.). A writ of habeas corpus is the sole remedy for a prisoner challenging the fact or duration of their physical imprisonment and is not available to prisoners challenging the conditions of their confinement (Id.). A challenge of conditions of confinement is instead properly brought as a civil action under 42 U.S.C. § 1983. Wilkinson v. Dotson, 544 U.S. 74, 78-79 (2005)(citing Preiser v. Rodriguez, 411 U.S. 475 (1973)).

### III. Discussion

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. The Court agrees that grounds one and two of the Petition are time-barred, and that, in any event, Petitioner has procedurally defaulted and waived such grounds. The Court further finds well-taken the Magistrate Judge's conclusion that Petitioner's third ground amounts to a challenge to the conditions of his confinement and is therefore not cognizable in habeas corpus. Finally, the Court notes that Petitioner filed no objection to the Magistrate Judge's Report and Recommendation.

### IV. Conclusion

For the reasons indicated herein, the Court ADOPTS and

AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 8), and DISMISSES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 2). The Court further FINDS that a certificate of appealability should not issue with respect to the claim alleged in ground three of the Petition because Petitioner has failed to make a substantial showing of the denial of a constitutional right based on this claim. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). The Court FINDS that a certificate of appealability should not issue with respect to grounds one and two of the Petition because they are barred by the statute of limitations, and in the alternative, are procedurally defaulted and waived under the applicable two-part test as stated in Slack v. McDaniel, 529 U.S. 473, 484-85, (2000), because jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. Slack, 529 U.S. 473, 484-85.

And finally, pursuant to 28 U.S.C. §1915(a)(3), this Court CERTIFIES that any appeal of this order will not be taken in good faith, and therefore DENIES Petitioner leave to proceed on appeal in forma pauperis upon a showing of financial necessity. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: June 17, 2008        /s/ S. Arthur Spiegel

                                          S. Arthur Spiegel
                                          United States Senior District Judge